UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNESTO GREGORY ASHMAN,

          Plaintiff,

vs.                                      Case No.   3:10-cv-33-J-25MCR

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.     PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") on August 31, 2005, alleging he became disabled on July 8, 2004.  (Tr. 233-40).  The Social Security Administration denied Plaintiff's application initially and on reconsideration.  (Tr. 153-58, 160-64).  On March 29, 2007, a hearing was held before an ALJ, who issued a decision on May 25, 2007, finding Plaintiff not disabled.  (Tr. 116-26).  However, the Appeals Council vacated that decision and remanded the case.  (Tr. 127-30).

_____

[1]The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 15).

An ALJ held a second hearing on August 27, 2008, and found Plaintiff not disabled in a decision dated November 4, 2008. (Tr. 134-49). The Appeals Council denied Plaintiff's request for review, thus making the ALJ's November 4, 2008 decision the final decision of the Commissioner. (Tr. 1-45). Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff claims to be disabled since July 8, 2004, due to back and neck pain, insomnia, severe left eye pain, concentration problems, problems focusing because of pain, and irritability because of pain. (Tr. 270).

### B. Summary of Evidence Before the ALJ

Plaintiff was 54 years old at the time of the ALJ's decision. (Tr. 11). Plaintiff has a high school education and past relevant work as an automobile detailer, salvage worker, bus driver, and driver. (Tr. 11, 276, 347). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

As a result of an automobile accident that occurred on June 14, 1989, Plaintiff suffers from neck and back pain. Plaintiff's treating physician, Dr. Richard J. Boehme, performed an initial evaluation of Plaintiff on June 11, 2003. (Tr. 504-03). At that time, Dr. Boehme's impression was that Plaintiff suffered from post traumatic headache syndrome, post concussive syndrome, bilateral cervical radiculitis, and left lumbar radiculitis. (Id.).

In August 2003, Dr. Boehme completed an assessment of Plaintiff, wherein he concluded that Plaintiff could never lift or carry more than 10 pounds; could stand, walk, or sit for less than 2 hours in an 8-hour workday; and must constantly alternate between sitting, standing, and walking.  (Tr. 482).  Dr. Boehme evaluated Plaintiff again on December 8, 2003, and twice in 2004.  (Tr. 137-38).  On March 6, 2006, Dr. Boehme recommended Plaintiff be referred to a pain management specialist.  (Tr. 499).

On February 27, 2007, Dr. Boehme completed another assessment of Plaintiff and opined that he would be limited to lifting less than 10 pounds and no more than 2 hours standing and walking.  Plaintiff would also be required to periodically alternate between standing and sitting, would be limited with regard to his upper extremity difficulties, and would suffer from limitations with regard to reaching and handling.  (Tr. 505-08).  Dr. Boehme attributed these restrictions to pain stemming from post-traumatic headache syndrome, post-concussive syndrome, bilateral cervical radiculitis, and left lumbar radiculitis.  (Tr. 479, 482).  Dr. Boehme further opined that Plaintiff's pain would preclude him from working on a full time basis.  (Tr. 137).

On November 10, 2005, consultative examining physician Dr. Hung Tran evaluated Plaintiff.  The evaluation was essentially normal except for pain in the neck, shoulder, arms, and lumbar spine, but with no loss of range of motion.  (Tr. 385-91).

On July 28, 2006, consultative examining physician Dr. Lynn Harper-Nimmock evaluated Plaintiff and assessed him with mild to moderate limitations for prolonged sitting, standing, walking, climbing, or heavy lifting.  (Tr. 459).  He based this opinion on the fact that Plaintiff had a normal gait; could walk on his heels and toes without

difficulty; could get on and off the exam table and rise from a chair; had 5x5 strength in

his upper and lower extremities; and had negative straight leg raises. (Tr. 457-58).

On December 19, 2005, Plaintiff was evaluated by psychologist Lauren Lucas.

(Tr. 141).  Dr. Lucas determined Plaintiff suffered from dysthymic disorder but was

oriented in three spheres, had intact concentration, good remote and recent memory,

and adequate logical reasoning and judgment.  (Tr. 414-15).  However, Dr. Lucas

further indicated that Plaintiff's insight was poor, judgment was fair, and prognosis was

guarded.  (Tr. 141).

### C.      Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous

period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. §

 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20

C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful

activity, he is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I).  Second, if a

claimant does not have any impairment or combination of impairments which

significantly limit his physical or mental ability to do basic work activities, then he does

not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c),

416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§

404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him

from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e),

416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering his residual functional

capacity, age, education, and past work) prevent him from doing other work that exists

in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f),

416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at

step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146,

107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since his alleged onset date.  (Tr. 137).  At step two, the ALJ

found Plaintiff suffered from the following severe impairments: degenerative disc

disease of the cervical and lumbar spine, post traumatic headache syndrome, obesity,

and obstructive sleep apnea.  (Tr. 137-42).  At step three, the ALJ determined Plaintiff

did not have an impairment, or any combination thereof, which met or equaled any of

the impairments listed in Appendix 1, Subpart P of the Regulation No. 4.  (Tr. 142-43).

The ALJ further determined Plaintiff had the residual functional capacity ("RFC")[2] to

perform light work.[3]   (Tr. 143-47).  Specifically, the ALJ found that Plaintiff can:

_____

[2]The residual functional capacity is the most an individual can do despite the combined
effect of all of their credible limitations.  20 C.F.R. §§ 404.1545, 416.945.  The residual functional
capacity is based on all of the relevant evidence in the case record, and is assessed at step four
of the sequential evaluation.  Id.

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying
of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this
category when it requires a good deal of walking or standing, or when it involves sitting most of the
time with some pushing and pulling of arm or leg controls.  To be considered capable of performing
a full or wide range of light work, you must have the ability to do substantially all of these activities.
If someone can do light work, we determine that he or she can also do sedentary work, unless there
(continued...)

> lift and/or carry 20 pounds occasionally and 10 pounds frequently.  He can stand and/or walk 6 hours and sit 6 hours in an 8-hour workday.  He can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl; however, he is unable to climb ladders or scaffolds.  He must avoid working at heights and around dangerous or moving machinery.

(Id.).

The ALJ then determined that Plaintiff was unable to perform any past relevant work.  (Tr. 147).  However, based on testimony from a vocational expert ("VE"), the ALJ determined that other jobs existed in significant numbers that an individual with Plaintiff's RFC, age, education, and work experience could perform.  (Tr. 148).  Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act.  (Tr. 148-49).

**III.   ANALYSIS**

**A.   The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

---

[3](...continued)
are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."
20 C.F.R. §§ 404.1567(b); 416.927(b).

evidence as a reasonable person would accept as adequate to support the conclusion.

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672

F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the

district court will affirm, even if the reviewer would have reached a contrary result as

finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991);

Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view

the evidence as a whole, taking into account evidence favorable as well as unfavorable

to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837

(11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of

factual findings).

### B.      Issues on Appeal

Plaintiff raises the following two issues on appeal: (1) whether the ALJ properly

evaluated Plaintiff's dysthymic disorder (Doc. 13, pp. 7-9), and (2) whether the ALJ

erred in discounting the opinions of Plaintiff's treating physician, Dr. Boehme (Doc. 13,

pp. 10-12).  The Court will address each of these issues.

#### 1.      Whether the ALJ properly evaluated Plaintiff's dysthymic disorder.

Plaintiff argues the ALJ erred in not finding that his dysthymic disorder

constituted a severe impairment.  (Doc. 13, pp. 7-9).  In response, the Commissioner

contends the ALJ properly evaluated Plaintiff's dysthymic disorder and substantial

evidence supports her finding that it does not constitute a severe impairment. (Doc. 18, pp. 5-8).

A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii); (c); Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, regardless of age, education, or work experience"). In addition, an impairment must be severe for at least twelve consecutive months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(c); Barnhart v. Walton, 535 U.S. 212, 217 (2002).

Mental impairments are evaluated based on how a claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The Commissioner uses a five-point scale (none, mild, moderate, marked, and extreme) in rating the first three functional areas, and a four-point scale (none, one, two, three, and four or more) in rating episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). If the degree of limitation in the first three functional areas is rated as "none" or "mild," and "none" in the fourth area, the Commissioner generally concludes the impairment is not severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Although Plaintiff was diagnosed with dysthymic disorder (Tr. 414-15), a diagnosis alone does not establish a severe mental impairment.  See 20 C.F.R. §§ 404.1521, 416.921 (diagnoses of mental disorders, without evidence of a functional loss, do not amount to significant limits on Plaintiff's ability to perform basic work activities); see also McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).  Here, the Court finds the ALJ properly applied the four functional limitation categories and concluded that Plaintiff's dysthymic disorder caused only mild restrictions in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, and pace; and no episodes of decompensation. (Tr. 141).

Upon thorough review of the record, the Court agrees with the ALJ's contention that Plaintiff's lack of mental health treatment undermines her claim of a severe mental impairment.  See 20 C.F.R. §§ 404.1529(c)(3)(v); 416.929(c)(3)(v); Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005); Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984).  As the ALJ noted, Plaintiff never received any type of mental health treatment. (Tr. 141).  Additionally, the only mental health evaluation, conducted by Dr. Lucas, revealed essentially normal results. (Tr. 414-15).  Dr. Lucas determined that Plaintiff was oriented in three spheres, had intact concentration, good remote and recent memory, and adequate logical reasoning and judgment. (Tr. 415).  Furthermore, Dr. Lucas did not assess any limitations in social functioning and did not report any episodes of decompensation. (Id.).

Moreover, as the ALJ noted, Plaintiff's activities of daily living fail to support his claims of a severe mental impairment.  (Tr. 141).  Plaintiff testified that he lives alone, can dress and bathe himself, cook, and perform household chores.  (Tr. 141, 415).  Plaintiff socializes with friends, participates in a group Bible study, and cares for his cats.  (Tr. 80-82).  Plaintiff also indicated that his difficulties performing certain activities related to physical pain rather than a mental impairment.  (Tr. 64-66, 68-75, 80).

Plaintiff argues that the ALJ's finding that his dysthymic disorder was not severe contradicts her conclusion that Plaintiff suffered from mild restrictions in the first three functional areas.  (Doc. 13, p. 9).  However, the regulations state that an impairment is considered not severe if the degree of limitation in these functional areas is "none" or "mild."  See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1); see also Cuthbert v. Astrue, 303 Fed. Appx. 697, 699-701 (11th Cir. 2008) (finding that evidence showing only mild restrictions indicated that claimant's mental impairment was not severe).  Thus, the Court finds the ALJ's conclusion that Plaintiff suffered from mild restrictions in the first three functional areas was consistent with her finding that Plaintiff's dysthymic disorder was not severe and substantial evidence supports her determination.

### 2.    Whether the ALJ erred in discounting the opinions of Plaintiff's treating physician, Dr. Boehme.

Plaintiff argues that the ALJ improperly discounted the opinions from Dr. Boehme, his treating physician.  (Doc. 13, pp. 10-12).  In response, the Commissioner contends the ALJ rightfully chose to give little weight to Dr. Boehme's opinions and articulated specific reasons for doing so, which are supported by the record.  (Doc. 18, pp. 8-14).

When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); Lewis v. Callahan, 125 F.3d 1436,1440 (11th Cir. 1997); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also 20 C.F.R. § 416.927(d)(2).  Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments.  Lewis, 125 F.3d at 1440.  Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error.  MacGregor, 786 F.2d at 1053.  Good cause for rejecting a treating source's opinion may be found where the treating source's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record.  Phillips, 357 F.3d at 1240-41 (citing Lewis, 125 F.3d at 1440); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).  Where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true.  MacGregor, 786 F.2d at 1053.

Here, Dr. Boehme completed an assessment of Plaintiff in August 2003, wherein he concluded that Plaintiff could never lift or carry more than 10 pounds; could stand, walk, or sit for less than 2 hours in an 8-hour workday; and must constantly alternate between sitting, standing, and walking.  (Tr. 482).  In February 2007, Dr. Boehme completed another assessment that contained nearly identical restrictions, except he

added that Plaintiff could never climb, balance, kneel, crouch, crawl, or stoop; had limited ability to reach or handle; and had environmental limitations.  (Tr. 478-81).  Dr. Boehme attributed these restrictions to pain stemming from post traumatic headache syndrome, post concussive syndrome, bilateral cervical radiculitis, and left lumbar radiculitis.  (Tr. 479, 482).  Dr. Boehme further opined that Plaintiff's pain precluded him from working on a full time basis.[4]  (Tr. 137, 482).

The ALJ discounted Dr. Boehme's assessments as inconsistent with his own treatment notes as well as the other evidence of record.  (Tr. 145-46).  With regard to Dr. Boehme's own treatment records, in June 2003, Dr. Boehme noted that Plaintiff was alert and oriented; his motor strength was normal; his sensation was grossly intact; his cerebellar and gait exams were normal; and his deep tendon reflexes were symmetric. (Tr. 420-21).  At that time, Dr. Boehme instructed Plaintiff to continue with conservative treatment and to follow up in six months.  (Tr. 421).  However, merely two months later, in August 2003, Dr. Boehme imposed extreme standing, walking, and lifting restrictions and opined Plaintiff to be incapable of working.  (Tr. 482).  Plaintiff's next visit was in December 2003 and, at that time, his physical exam was essentially normal.  (Tr. 419). Then, in February 2007, having not seen Plaintiff for nearly a year, Dr. Boehme again imposed extreme restrictions on Plaintiff.   (Tr. 146, 416, 478-81).

With regard to the other evidence of record, the ALJ accorded substantial weight to the opinion of consultative examining physician Dr. Harper-Nimock.  (Doc. 146-47).

---

[4]Opinions as to whether a claimant is disabled  are not medical opinions, "but are, instead opinions on issues reserved for the Commissioner ..."  20 C.F.R. § 416.927(a), (d)(3).  Therefore, the ALJ properly disregarded this opinion.

Dr. Harper-Nimock assessed Plaintiff with mild to moderate limitations for prolonged

sitting, standing, walking, climbing, or heavy lifting.  (Tr. 459).  He based this opinion on

the fact that Plaintiff had a normal gait; could walk on his heels and toes without

difficulty; could get on and off the exam table and rise from a chair; had 5x5 strength in

his upper and lower extremities; and had negative straight leg raises.  (Tr. 457-58).

Additionally, the treatment notes from both Drs. Hung Tran and Harold Reeder lack any

significant findings.  (Tr. 385-91, 471-77).  Moreover, the ALJ noted that the objective

medical evidence did not support Dr. Boehme's opinions because the MRIs and x-rays

did not document any severe findings.[5]  (Tr. 145-46).

The Court further notes that Dr. Boehme's assessments are inconsistent with

Plaintiff's activities of daily living.  (Tr. 76-77).  Plaintiff testified that he is capable of

helping his mother work in the yard, walking for about 15-30 minutes three times a

week, and occasionally ride his bicycle.  (Tr. 29, 76-77).  Plaintiff does his own laundry,

washes dishes, cooks, drives, shops for groceries, reads, goes to church twice a week,

and visits with friends.  (Tr. 27,-28, 80, 313).  He also testified that he "keeps his ears

open" for possible job opportunities and has filled out applications.  (Tr. 24, 83).

Based on the analysis above, the Court finds Dr. Boehme's opinions are

unsupported by his own treatment records, other evidence of record, and Plaintiff's

---

[5]The Court notes that the record contains an August 2003 letter from Dr. Joseph Polifrone, which is consistent with Dr. Boehme's opinion.  However, Dr. Polifrone saw Plaintiff for back and neck pain in 1990 and stopped treating him in 2000.  (Tr. 491-93).  Therefore, Dr. Polifrone cannot have knowledge of Plaintiff's present condition.  (Id.).  Moreover, the only evidence Dr. Polifrone provided in support of his opinion was a 1991 evaluation, which is not representative of the relative period under review and will not be considered by this Court.

activities of daily living.  Thus, substantial evidence supports the ALJ's decision to give little weight to Dr. Boehme's opinions.

## IV.    CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _7th_ day of March, 2011.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party